IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANA LUCIA MARTINEZ              *
8757 Georgia Avenue, Suite 400  *
Silver Spring, Maryland 20910   *
                                *
      PLAINTIFF                 *
                                *
v.                              *   Case No.:
                                *
CHINA BOY, INC.                 *
817 6th Street, NW              *
Washington, DC 20001            *
                                *
SERVE: Yik C. Li                *
800 6th Street, NW, Suite 915   *
Washington, DC 20001            *
                                *
      DEFENDANT.                *
*************************************************************

## COMPLAINT

Plaintiff Ana Lucia Martinez ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Defendant China Boy, Inc. ("Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA") and for other damages as set forth below.

### PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the District of Columbia.

2. By participating as named plaintiff in this action, Plaintiff hereby consents to participate in an action under the FLSA, DCMWA, and DCWPA.

3. Defendant is a corporation formed under the laws of the District of

Columbia with its principal place of business in the District of Columbia.

4. At all times relevant, Defendant operated continuously as a business entity in the District of Columbia.

5. More than 50% of Plaintiff's job duties giving rise to this action occurred in the District of Columbia.

6. At all times Defendant used and handled goods and products that traveled from outside the District of Columbia and were otherwise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

7. On information and belief, each year during Plaintiff's employment, Defendant's gross revenue exceeded $500,000.00 and thus Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

8. At all times, Plaintiff and at least two other employees of Defendant were individual employees who, while engaged in employment duties, handled and otherwise worked on goods and materials that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9. Pursuant to the foregoing, at all times, Defendant was Plaintiff's "employer" for purposes of the FLSA, DCMWA, and DCWPA.

10. This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C.

§ 1391(b).

## FACTS

11. Plaintiff was employed by Defendant to perform cooking and cleaning related job duties at Defendant's China Boy restaurant in Washington, D.C. from about June 2014 through about September 2015.

12. While employed, Defendant Paid Plaintiff as a salaried employee exclusively in cash at the rate of about $1,100.00 per month for the time period of about June 2014 through about May 2015 and at the salary rate of about $1,300.00 per month from about June 2015 through about September 2015.

13. While employed, Plaintiff's exact weekly hours varied from week to week.

14. On average, Plaintiff worked at or about sixty-six (66) hours per week.

15. While employed, Plaintiff's regular rate of pay (dividing weekly wages by 40 hours per week) was less than the Federal and District of Columbia Minimum wage.

16. While employed, Defendant paid Plaintiff no wages for overtime hours worked per week in excess of forty (40) in direct violation of the Federal and District of Columbia overtime pay requirement.

17. At all times, Defendant had actual knowledge of the Federal and District of Columbia overtime pay requirement and had actual knowledge that the rate Defendant paid Plaintiff for hours worked was in direct violation of the Federal and District of Columbia minimum wage and overtime pay requirement.

18. Defendant owes Plaintiff unpaid minimum wage and overtime compensation in the approximate amount of $37,500.00.

3

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

19. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

20. The FLSA mandates that an employer must pay employees for non-overtime hours (40 and less) at an hourly rate not less than the Federal Minimum Wage ($7.25 per hour)

21. The FLSA mandates that an employer must pay employees for overtime hours (40+) at the overtime rate of the higher of one-and-one-half (1½) times the employee's regular rate of pay or one-and-one-half (1½) times the applicable minimum wage for all overtime hours worked each week in excess of forty (40).

22. As set forth above, while in Defendant's employ, Defendant knowingly failed to pay Plaintiff for non-overtime and overtime hours worked per week at an hourly rate at least equal to the Federal Minimum Wage or (for overtime hours) at an hourly rate in conformance with the FLSA overtime pay requirement.

WHEREFORE, Defendant is liable to Plaintiff under Count I for all unpaid wages in such amounts as are proven at trial, liquidated damages as provided by Federal and District of Columbia law, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

23. Plaintiff re-alleges and reasserts each and every allegation set forth above

4

as if each were set forth herein.

24. The DCMWA mandates that an employer must pay employees for non-overtime hours (40 and less) at an hourly rate not less than the District of Columbia Minimum Wage (June 2014: $8.25 per hour; July 1, 2014 – June 30, 2015: $9.50 per hour; July 1, 2015 – Present: $10.50 per hour).

25. The DCMWA mandates that an employer must pay employees for overtime hours (40+) at the overtime rate of the higher of one-and-one-half (1½) times the employee's regular rate of pay or one-and-one-half (1½) times the applicable minimum wage for all overtime hours worked each week in excess of forty (40).

26. As set forth above, while in Defendant's employ in the District of Columbia, Defendant knowingly failed to pay Plaintiff for non-overtime and overtime hours worked per week at an hourly rate at least equal to the District of Columbia Minimum Wage or (for overtime hours) at an hourly rate in conformance with the DCWMA overtime pay requirement.

WHEREFORE, Defendant is liable to Plaintiff under Count II for all unpaid wages in such amounts as are proven at trial, liquidated damages as provided by Federal and District of Columbia law, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT III
### DCWPA

27. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

5

28. Under the DCWPA, Defendant was obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

29. "Wages" pursuant to DCWPA (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

30. Plaintiff performed work duties for Defendant's benefit as set forth above for which Defendant failed to pay Plaintiff all wages earned and required by Federal and District of Columbia law.

31. Defendant owes Plaintiff wages for work duties performed as set forth above.

32. Defendant's knowing and intentional failure to pay Plaintiff wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPA.

33. Defendant's failure to pay Plaintiff all wages earned, owed, and required by law as required by Federal and District of Columbia law and the DCWPA was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

*[signature]*

Gregg C. Greenberg, Bar No. MD17291
Jason D. Friedman, Bar No. MD18898
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com
       jfriedman@zagfirm.com

*Counsel for Plaintiff*