UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANA LUCIA MARTINEZ, <br><br> Plaintiff, <br><br> v. <br><br> CHINA BOY, INC., <br><br> Defendant. | Civil Action No. 16-496 (RDM) |

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's motion for default judgment. Dkt. 7. Plaintiff, Ana Lucia Martinez, moves for a default judgment against defendant, China Boy, Inc., in the following amounts: (1) $23,952.73 in unpaid wages and (2) $71,858.19 in liquidated damages under the D.C. Minimum Wage Act Revision Act of 1992, totaling $95,810.92. *Id.* at 8.

## BACKGROUND

Martinez's complaint and motion for default present slightly different versions of the relevant facts. *Compare* Dkt. 1 *with* Dkt. 7. The Federal Rules of Civil Procedure do not permit a default judgment to "differ in kind from, or exceed in amount, what is demanded in the pleadings," Fed. R. Civ. P. 54(c), nor may the Court enter a default judgment that exceeds the amount supported by the plaintiff's motion, *Serrano v. Chicken-Out Inc.*, No. 15-276, 2016 WL 3962800 at *4 (D.D.C. July 22, 2016). As a result, the Court will accept the facts recited in the complaint, but only to the extent they are supported by the motion for default judgment and accompanying declaration.

Martinez was employed by China Boy to cook and clean in China Boy's restaurant from about June 2014 through September 2015. Dkt. 1 at 3 (complaint); *cf.* Dkt. 7 at 2 (motion for default) (alleging that Martinez started work in May 2014). While employed by China Boy, she received her salary exclusively in cash at the rate of $1,100.00 per month from June 2014 to May 2015. Dkt. 1 at 3 (complaint); *cf.* Dkt. 7 at 2 (motion for default) (alleging that she received that salary from May 2014 to June 2015). Her salary increased to $1,300.00 per month from June 2015 to September 2015. Dkt. 1 at 3 (complaint); *cf.* Dkt. 7 at 2 (motion for default) (alleging that her salary increased only to $1,200 a month, and that she received that rate only from July 2015 to September 2015). During the entire course of her employment, Martinez worked an average of sixty-six hours a week, although her hours varied from week-to-week. Dkt. 1 at 3 (complaint); *accord* Dkt. 7 at 2 (motion for default).

Martinez claims that this rate of compensation was below the minimum wage set by D.C. law, which was $8.25 per hour from May 2014 to June 2014, $9.50 per hour from July 2014 to June 2015, and $10.50 per hour from July 2015 to September 2015. Dkt. 7 at 2–3. In addition, she claims that throughout her employment China Boy failed to pay overtime rates required by both federal and D.C. law. *Id.* at 3.

Martinez filed this action on March 15, 2016, seeking damages under the Fair Labor Standards Act of 1938 ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992 ("DCWPA"), and the D.C. Wage Payment and Wage Collection Act ("DCWPCA"). Dkt. 1. She served China Boy with a copy of the Summons and Complaint on June 20, 2016. Dkt. 4. China Boy failed to respond within the allotted twenty-one days, *see* Fed. R. Civ. P. 12(a)(1)(A), and, as a consequence, the Clerk of the Court entered an Order of Default on July 27, 2016, *see*

Dkt. 6. Martinez filed the present Motion for Default Judgment on August 15, 2016, Dkt. 7, and China Boy has neither answered the complaint nor responded to Martinez's motion.

## ANALYSIS

The FLSA requires employers to pay employees a minimum wage of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(C); *Martinez v. Asian 328, LLC*, No. 15–1071, 2016 WL 7167969, at *2 (D.D.C. December 8, 2016). The DCMWA, however, goes further and requires employers in the District of Columbia, as of January 1, 2006, to pay employees "$7 an hour, or the minimum wage set by the United States government pursuant to the [FLSA], plus $1, whichever is greater." D.C. Code § 32–1003(a)(2). The D.C. Code then raises the minimum wage incrementally, to $9.50 as of July 1, 2014, and $10.50 as of July 1, 2015. *Id.* § 32–1003(a)(3)–(4); *see also Martinez*, 2016 WL 7167969, at *2. Plaintiff is thus correct that in June 2014 she should have been paid no less than $8.25 per hour; that from July 2014 to June 2015 she should have been paid no less than $9.50 per hour; and that from July 2015 to September 2015 she should have been paid no less than $10.50 per hour. *See* Dkt. 7 at 2–3.

In addition, federal and D.C. law provide employees with a cause of action for failure to pay overtime wages at a rate equal to time and a half for hours worked over forty hours a week. *See* 29 U.S.C. § 207(a)(1); D.C. Code §§ 32–1003(c), 32–1012(a); *Martinez*, 2016 WL 7167969, at *2. In this case, where the plaintiff has not produced timesheets and the defendant has failed to respond, the Court will accept Martinez's declaration, submitted under the penalty of perjury, as to the hours she worked and wages she received, except to the extent that her declaration seeks relief beyond that sought in the complaint. *See* Dkt. 7-1, Dkt. 1; *see also*, *e.g.*, *Arias v. U.S. Serv. Indus., Inc.*, 80 F.3d 509, 512 (D.C. Cir. 1996) ("The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had [it]

kept records in accordance with the requirements of . . . the [FLSA].") (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946)).

Liquidated damages are also available under both federal and D.C. law. *See* 29 U.S.C. § 216(b); D.C. Code § 32–1012(b)(1). D.C. law currently provides for recovery of "unpaid wages" and "an additional amount as liquidated damages equal to treble the amount of unpaid wages," *see* D.C. Code § 32-1012(b)(1), while only additional liquidated damages equal to the amount of unpaid wages are available under federal law, *see* 29 U.S.C. § 216(b). Because D.C. law, accordingly, "provides for greater liquidated damages than the FLSA, . . . the Court will first assess damages under D.C. law and will not award a duplicative amount pursuant to federal law.'" *Martinez*, 2016 WL 7167969, a *4 (quoting *Ventura v. L.A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 104 (D.D.C. 2015)).

For violations occurring before October 1, 2014, however, D.C. law provides for an unspecified "additional amount as liquidated damages." D.C. Code § 32-1012(a) (Dec. 24, 2013); *see also* Wage Theft Prevention Amendment Act of 2014, 2014 D.C. Laws 20-157 § 7(b) (setting October 1, 2014, applicability date for the new treble-liquidated-damages provision). For those violations, the relevant floor for liquidated damages is set by federal law, which provides for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

In her motion for default judgment, Martinez proposes a method for calculating unpaid wages known as the "fluctuating work week" method, which can apply in cases in which an employee is paid a flat weekly or monthly rate regardless of the number of hours worked. *See* Dkt. 7 at 5. That method, however, properly applies only to cases in which "the salary is sufficiently large to ensure that no workweek will be worked in which the employee's average hourly earnings from the salary fall below the minimum hourly wage rate applicable under the

[FLSA]." 29 C.F.R. § 778.114(c).  But Martinez's wage, when calculated on an hourly basis, always fell below the minimum required by law:  Even when she was receiving $1,300 a month, and assuming a four week month and only a 40-hour week, her wage amounted to only $8.13 an hour.  Because Martinez avers that she worked an average of 66 hours per week, and most months are longer than four weeks, her real hourly wage was considerably below the legal minimum.  In cases like this one, the fluctuating work week method undercounts the amount of unpaid wages owed to the plaintiff because the method assumes that "the employee has already received straight-time compensation on a salary basis for all hours worked," at a rate that meets or exceeds the applicable minimum wage, and thus awards "only additional half-time pay" for overtime hours.  29 C.F.R. § 778.114(b).  Here, Martinez avers that her monthly salary did not satisfy minimum wage requirements for even the first forty hours of work each week, making her overtime rate effectively zero. The additional amount of unpaid wages owed for overtime hours should thus be calculated at time and a half, rather than merely half-time.

The Court will accordingly compute the unpaid wages owed to Martinez as follows: First, the Court will calculate the amount Martinez should have been paid, by multiplying the applicable minimum wage by 40 hours; multiplying the minimum wage by one-and-a-half and then by 26 to determine the amount owed for the overtime hours Martinez worked; and summing the amounts due for regular time and for overtime.

Because Martinez was paid on a monthly basis, the Court must "reduce[] [her monthly salary] to its workweek equivalent," which is done by "multiplying [the monthly rate] by 12 (the number of months) and dividing by 52 (the number of weeks)."  29 C.F.R. § 778.113(b).

5

The Court will then determine the amount of unpaid wages by multiplying the total owed each week by the number of weeks in which that wage rate applied, and subtracting an amount equal to the Martinez's effective weekly wage multiplied by the relevant number of weeks:

|  | Statutory Per Week Rate | Actual pay (monthly rate x 12 / 52 x number of weeks) | Wages Owed |
|---|---|---|---|
| June 2014 Weeks in pay period: 4 | 40 hours x $8.25 = $330 26 hours x $8.25 x 1.5 = $321.75 Total per week = $651.75 | ($1,100 x 12 / 52 x 4) = $1,015.38 | ($651.75 x 4) - $1,015.38 = $1,591.62 |
| July 2014-September 2014. Weeks in pay period: 13 | 40 hours x $9.50 = $380 26 hours x $9.50 x 1.5 = $370.50 Total per week = $750.50 | ($1,100.00 x 12 / 52 x 13) = $3,300 | ($750.50 x 13) - $3,300 = $6,456.50 |
| Amount owed for violations before October 1, 2014: | | | $8,048.12 |
| October 2014 – May 2015 Weeks in pay period: 35 | 40 hours x $9.50 = $380 26 hours x $9.50 x 1.5 = $370.50 Total per week = $750.50 | ($1,100 x 12 / 52 x 35) = $8,884.62 | ($750.50 x 35) - $8,884.62 = $17,382.88 |
| June 2015. Weeks in pay period: 4 | 40 hours x $9.50 = $380 26 hours x $9.50 x 1.5 = $370.50 Total per week = $750.50 | ($1,300 x 12 / 52 x 4) = $1,200 | ($750.50 x 4) - $1,200 = $1802 |
| July 2015 – September 2015 Weeks in pay period: 13 | 40 hours x. $10.50 = $420 26 hours x $10.50 x 1.5 = $409.50 Total per week = $829.50 | ($1,300 x 12 / 52 x 13) = $3,900 | ($829.50 x 13) - $3,900 = $6,883.50 |
| Amount owed for violations after October 1, 2014: | | | $26,068.38 |

China Boy has not demonstrated any of the factors enumerated in the DCWPCA that would allow the Court to award less than treble damages as liquidated damages in "addition[]" to the award of unpaid wages for violations after October 1, 2014.  D.C. Code § 32-1012(b)(2) (allowing a court to award less than treble damages if the employer "demonstrate[s] to the satisfaction of the court" that (1) "[t]he act or omission that gave rise to the action was in good faith"; (2) "the employer had reasonable grounds for the belief that the act or omission was not in violation of [the DCWPCA]"; and (3) "the employer promptly paid the full amount of wages claimed to be owed to the employee").  Accordingly, the Court must award Martinez liquidated

6

damages equal to three times the amount of unpaid wages in addition to the award of unpaid wages for violations that occurred after October 1, 2014. The Court must also award liquidated damages equal to the amount of unpaid wages for violations that occurred before that date. *See, e.g.*, *Serrano*, 2016 WL 3962800, at *7. Thus, the Court will multiply the unpaid wages total for violations after October 1, 2014, by four, and the unpaid wages total for before October 1, 2014, by two, and sum those two numbers together to determine the total amount owed, which comes out to $120,369.76.

The Court notes that this amount exceeds the amount calculated in Martinez's motion for default, *see* Dkt. 7 at 8, although not the amount sought in her complaint, *see* Dkt. 1 at 3, 6 (seeking unpaid wages "in the approximate amount of $37,500," plus "liquidated damages as provided by statute (quadruple damages)"). The reason for this difference is that Martinez calculated the hourly wages that she received based on the assumption that she worked a 40-hour workweek, but then incorrectly deducted this putative hourly wage from *both* the amount she should have received for a 40-hour workweek *and* the amount that she should have received in overtime wages for the additional 26 hours she attests that she worked on average each week. Although courts will not award a default judgment that exceeds the amount supported by the plaintiff's motion, *see, e.g.*, *Serrano*, 2016 WL 3962800, at *4, there is a difference between the absence of support and a readily discernible mathematical error committed by counsel. Here, Martinez's declaration provides the necessary factual predicate for the Court's award, and thus that award is sufficiently supported by Martinez's motion.

## **CONCLUSION**

Upon consideration of the plaintiffs' motion, a default judgment will be **GRANTED**, and judgment will be entered in Martinez's favor for $120,369.76, representing $34,116.50 in unpaid wages and $86,253.26 in liquidated damages.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  December 29, 2016